1 | CAROLYN A. DYE (SBN 97527)
15030 Ventura Blvd.
2 | Suite 527
Sherman Oaks, CA 91403
3 | Telephone: 818/287-7003
Facsimile: 323/987-5763
4 | Email: trustee@cadye.com

5 | Chapter 7 Trustee

6 |

7 | UNITED STATES BANKRUPTCY COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | LOS ANGELES DIVISION

10 |

11 | In re                                     ) Case No. 2:21-bk-11230-WB
                                           )        [Chapter 7]
12 | MMZ HOLDINGS, LLC,                        )
                                           ) Adv. No. 2:21-ap-01226-WB
13 |                          Debtor.         )
                                           ) PROOF OF SERVICE OF SUMMONS AND
14 | _____         ) NOTICE OF STATUS CONFERENCE,
                                           ) ADVERSARY PROCEEDING COVER
15 | CAROLYN A. DYE, CHAPTER 7               ) SHEET, AND COMPLAINT FOR
TRUSTEE,                                    )
16 |                                          ) 1. CONVERSION;
                         Plaintiff,          ) 2. AVOIDANCE OF ACTUAL
17 | v.                                       ) FRAUDULENT TRANSFER (11 U.S.C.
                                           ) §548(a)(1)(A));
18 | MANUK BOYAJIAN,                           ) 3. AVOIDANCE OF CONSTRUCTIVE
                                           ) FRAUDULENT TRANSFER (11 U.S.C.
19 |                          Defendant.       ) §548(a)(1)(B));
                                           ) 4. AVOIDANCE OF ACTUAL
20 |                                          ) FRAUDULENT TRANSFER UNDER
                                           ) APPLICABLE CALIFORNIA LAW (CAL.
21 |                                          ) CIV. CODE §§ 3439.04(a)(1) and
                                           ) 3439.07 and 11 U.S.C. § 544(b);
22 |                                          ) 5. AVOIDANCE OF CONSTRUCTIVE
                                           ) FRAUDULENT TRANSFER UNDER
23 |                                          ) APPLICABLE CALIFORNIA LAW (CAL.
                                           ) CIV. CODE §§ 3439.05 and
24 |                                          ) 3439.07 and 11 U.S.C. § 544(b);
                                           ) 6. RECOVERY OF AVOIDED TRANSFER
25 |                                          ) (11 U.S.C. §550(a));
                                           ) 7. PRESERVATION OF AVOIDED
26 | _____         ) TRANSFER (11 U.S.C. §551)
                                           )
27 |

28 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
15030 Ventura Blvd.,. Suite. 527, Sherman Oaks, CA 91403

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
Summos, Notice of Status Conference in Adversary Proceeding, Adversary Proceeding Cover Sheet and

Complaint

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_12/02/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A. Dye                     trustee@cadye.com
United States Trustee (LA)          ustregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___12/02/2021_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Manuk Boyajian
10785 Des Moines Ave.
Porter Ranch, CA 91326

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court - Honorable Julia W. Brand
255 East Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/02/2021 | Karissa De La Trinidad | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                   Page 3                                  **F 7004-1.SUMMONS.ADV.PROC**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carolyn A Dye Chapter 7 Trustee<br>15030 Ventura Blvd<br>Ste. 527<br>Sherman Oaks, CA 91403<br><br>(818)287-7003<br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>MMZ Holdings, LLC<br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-11230-WB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:21-ap-01226-WB |
|---|---|
| Carolyn A Dye Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>Manuk Boyajian<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is 12/17/2021. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **January 18, 2022** |
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Julia W. Brand** |
| **Location:** | **255 E Temple St., Crtrm 1375, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                              Page 1                              **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: November 17, 2021

By: _____ "s/" William C. Kaaumoana Jr. _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 2                                    **F 7004−1.SUMMONS.ADV.PROC**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>CAROLYN A. DYE, CHAPTER 7 TRUSTEE | DEFENDANTS<br><br>MANUK BOYAJIAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |

**PARTY** (Check One Box Only)
- ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor  ☐ Other
- ☑ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor  ☑ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Conversion; Avoidance of Fraudulent Transfer, Recovery of Avoided Transfer, Preservation of Avoided Transfer

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $233,500.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MMZ HOLDINGS, LLC | BANKRUPTCY CASE NO.<br>2:21-bk-11230-WB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Julia W. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>11/16/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Carolyn A. Dye | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

CAROLYN A. DYE (SBN 97527)
15030 Ventura Blvd.
Suite 527
Sherman Oaks, CA 91403
Telephone: 818/287-7003
Facsimile: 323/987-5763
Email: trustee@cadye.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:21-bk-11230-WB |
| | )       [Chapter 7] |
| MMZ HOLDINGS, LLC, | ) |
| | ) Adv. No. |
|          Debtor. | ) |
| _____ | ) CAROLYN A. DYE, CHAPTER 7 |
| | ) TRUSTEE'S COMPLAINT FOR: |
| CAROLYN A. DYE, CHAPTER 7 | ) |
| TRUSTEE, | ) 1. CONVERSION; |
| | ) |
|       Plaintiff, | ) 2. AVOIDANCE OF ACTUAL |
| v. | ) FRAUDULENT TRANSFER (11 U.S.C. |
| | ) §548(a)(1)(A)); |
| MANUK BOYAJIAN, | ) |
| | ) 3. AVOIDANCE OF CONSTRUCTIVE |
|       Defendant. | ) FRAUDULENT TRANSFER (11 U.S.C. |
| | ) §548(a)(1)(B)); |
| | ) |
| | ) 4. AVOIDANCE OF ACTUAL |
| | ) FRAUDULENT TRANSFER UNDER |
| | ) APPLICABLE CALIFORNIA LAW (CAL. |
| | ) CIV. CODE §§ 3439.04(a)(1) and |
| | ) 3439.07 and 11 U.S.C. § 544(b); |
| | ) |
| | ) 5. AVOIDANCE OF CONSTRUCTIVE |
| | ) FRAUDULENT TRANSFER UNDER |
| | ) APPLICABLE CALIFORNIA LAW (CAL. |
| | ) CIV. CODE §§ 3439.05 and |
| | ) 3439.07 and 11 U.S.C. § 544(b); |
| | ) |
| | ) 6. RECOVERY OF AVOIDED TRANSFER |
| | ) (11 U.S.C. §550(a)); AND |
| | ) |
| | ) 7. PRESERVATION OF AVOIDED |
| _____ | ) TRANSFER (11 U.S.C. §551) |

TO THE HONORABLE NEIL BASON, UNITED STATES BANKRUPTCY JUDGE,

DEBTOR, ALL PARTIES IN INTEREST, AND THEIR ATTORNEYS OF RECORD:

Plaintiff, Carolyn A. Dye ("Plaintiff" or the "Trustee"),

not individually but solely in her capacity as the Chapter 7

Trustee 7 for the bankruptcy estate of MMZ Holdings, LLC (the

"Debtor"), hereby alleges as follows:

### GENERAL ALLEGATIONS AND PARTIES

1.    This adversary proceeding is brought pursuant to Rules

7001(1) and (2) of the Federal Rules of Bankruptcy Procedure, 11

U.S.C. §§105(a), 541(a), 544(b), 546(a), 548(a), 550(a) and 551,

and CAL. CIV. CODE §3439 et seq.

2.    The Court has jurisdiction over this proceeding

pursuant to 28 U.S.C. §1334(a).

3.    This proceeding is a core proceeding pursuant to 28

U.S.C. §157(b)(2)(A), and (H).

4.    Venue over this proceeding is proper in this Court

pursuant to 28 U.S.C. §1409 as this adversary proceeding arises

under and is related to a case under Title 11 of the United

States Code which is still pending.

5.    Debtor filed a chapter 11 case on February 16, 2021.

The case was converted to one under Chapter 7 by Order entered

August 6, 2021 (Docket No. 75). Carolyn A. Dye was appointed as

the Chapter 7 Trustee and accepted such appointment on or about

August 10, 2021 (Docket No. 77).

6.    Plaintiff is informed and believes, and on that basis

alleges that, at all relevant times herein, Defendant, Manuk

Boyajian ("Defendant") was, at all time pertinent to the

allegations and claims made in this Complaint, the manager and

-2-

member of the Debtor. Defendant is an individual who, on
information and belief, currently resides in Los Angeles County,
California.

### JURISDICTION AND VENUE

7.    The Court has jurisdiction over this adversary
proceeding pursuant to 28 U.S.C. Sections 151, 157, 1334 and
1452.

8.    Defendant is an "insider" as defined in 11 U.S.C.
Section 101(31)(B)(iv).

9.    The transfer of the Loan Proceeds as defined below by
Defendant to himself was a part of a scheme to defraud the true
creditors of the Debtor.

10.    Venue is proper in this Court under 28 U.S.C. Section
1409 because this is an adversary proceeding arising under and in
connection with a case under Title 11 which is pending in this
District.

### FACTUAL BACKGROUND

11.    Defendant, in his capacity as Manager of the Debtor
applied for and then executed upon approval of the application, a
Loan Authorization and Agreement dated June 23, 2020 (the
"Loan"). Pursuant to that Loan, Debtor received $148,900 in net
loan proceeds ("Loan Proceeds"). Defendant signed the Promissory
Note evidencing the Loan. A true and correct copy of the
Promissory Note is attached hereto as Exhibit A.

12.    The terms and conditions of the Loan provided as
follows:

"Borrower will use all the proceeds of this loan solely as
working capital to alleviate economic injury caused by disaster

-3-

1   occurring in the month of January 21, 2020 and continuing

2   thereafter and to pay Uniform Commercial Code (UCC) lien filing

3   fees and a third party UCC handling charge of $100 which will be

4   deducted from the loan proceeds amount stated above."

5       13.   Based on admissions made in pleadings filed by the

6   Debtor's attorney in the main bankruptcy case, Plaintiff alleges

7   that Defendant transferred to himself all the Loan Proceeds

8   instead of using the Loan Proceeds as required by the Loan terms.

9       14.   The Loan Proceeds of $148,900, were wired to the

10  Debtor's account at Wells Fargo on June 26, 2020. The same day,

11  June 26, 2020, Defendant caused the Bank to transfer the Loan

12  Proceeds, $148,900, to the account designated as "Online Transfer

13  to Boyajian M Way2Save Savings xxxxxx5172 Ref #b08Czbskdon

14  06/26/20". Plaintiff believes and therefore alleges that this is

15  an account controlled by Defendant. See Exhibit B.

16      15.   **[Deliberately Omitted]**

17      16.   The Small Business Administration ("SBA") has made a

18  demand for the return of the loan proceeds to both Debtor and

19  Defendant and has assessed a penalty against Plaintiff and

20  Defendant of $233,5000, the principal of the Loan times 1.5, due

21  to this diversion of funds. The SBA also has filed a proof of

22  claim in the Debtor's main bankruptcy case. A true and correct

23  copy of the proof of claim filed by the SBA is attached hereto as

24  Exhibit C.

25      17.   The transfer of the Loan proceeds to Defendant was

26  effected within two years of the filing date of Debtor's

27  bankruptcy case.

28  ///

-4-

18.   Based on the admissions made by Defendant in its petition and by its attorneys, the transfer of the Loan proceeds was made at a time when the Debtor was insolvent and was done to put the Loan proceeds with the intent of both violating the Loan Agreement and to put the Loan proceeds outside the reach of legitimate creditors of Debtor. Plaintiff is presently without knowledge as to any other transfers that may have been made in the relevant time frames to Defendant and, if discovered, reserves the right to include such additional transfers in its Complaint.

## FIRST CLAIM FOR RELIEF

### (CONVERSION)

### (CAL. CIVIL CODE SECTION 3336)

19.   Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 18, inclusive, of this Complaint.

20.   The Loan proceeds were property of the Debtor and were required to be expended as required under the Loan Agreement.

21.   Defendant's conversion of the Loan proceeds was a wrongful disposition of the Loan proceeds.

22.   Debtor and the Debtor's estate has been damaged by such conversion to the extent of the sum of $223,500, the sum which the SBA has demanded and assessed as a penalty under the terms fo the Loan Agreement.

///

///

///

## SECOND CLAIM FOR RELIEF

### (AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER

### (11 U.S.C. §548(a)(1)(A)))

23. Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 22, inclusive, of this Complaint.

24. Defendant transferred the Loan proceeds to himself with the actual intent to hinder, delay or defraud creditors.

25. The Debtor did not receive consideration reasonably equivalent to the value of the property transferred by the Debtor.

26. At the time of the conversion of the Loan proceeds , Defendant was an insider of the Debtor who was in control of the Debtor's accounts and responsible for its financial affairs.

27. Wherefore, Plaintiff seeks this Court's judgment that the transfer of the Loan proceeds to Defendant was made within two (2) years of the date of the filing of the Debtor's petition and is an avoidable fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

### (AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER

### (AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER §548(a)(1)(B))

28. Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 27, inclusive, of this Complaint.

///

-6-

29.    Prior to the transfer of the Loan proceeds, the Loan proceeds were the property of the Debtor's estate.

30.    Plaintiff is informed and believes, and on that basis alleges that, the Defendant made the transfer of the Loan proceeds to himself and that the Debtor received nothing of a reasonably equivalent value in exchange for such transfer.

31.    Wherefore, Plaintiff seeks this Court's judgment that the Property transfer and/or other transfers of property to or for the benefit of Defendant was made within two (2) years of the Filing Date and is an avoidable fraudulent transfer pursuant §548(a)(1)(B).

**FOURTH CLAIM FOR RELIEF**

**(AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER**

**CAL. CIV. CODE §§3439.04 and 3439.09)**

32.    Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint.

33.    Plaintiff is informed and believes, and on that basis alleges that, a creditor exists whose claim arose before the transfer of the Loan proceeds was made.

34.    Defendant made the transfer of the Loan proceeds with the actual intent to hinder, delay or defraud creditors.

35.    Wherefore, Plaintiff seeks this Court's judgment that the transfer of the Loan proceeds and/or other transfers of property to or for the benefit of Defendant made within four (4) years of the Filing Date are avoidable fraudulent transfers

///

1 | pursuant to CAL. CIV. CODE §§3439.04 and 3439.09 and 11 U.S.C.

2 | §§544(b) and 546(a).

3 | **FIFTH CLAIM FOR RELIEF**

4 | **(AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER**

5 | **CAL. CIV. CODE §§3439.04 and 3439.09)**

6 | 36.   Plaintiff hereby realleges and incorporates herein by

7 | this reference, as though fully set forth in this cause of

8 | action, each and every allegation contained in Paragraphs 1

9 | through 35, inclusive, of this Complaint.

10 | 37.   Plaintiff is informed and believes, and on that

11 | basis alleges that, the transfer of the Loan proceeds was a

12 | transfer of the Debtor's interest in the property owned by

13 | Debtor.

14 | 38.   Plaintiff is informed and believes, and on that

15 | basis alleges that, the transfer of eh Loan proceeds was made

16 | within four (4) years of the date of the Debtor's petition filing

17 | date.

18 | 39.   Plaintiff is informed and believes, and on that basis

19 | alleges that the Debtor received less than reasonably

20 | equivalent value in exchange for the transfer of the Loan

21 | proceeds.

22 | 40.   Plaintiff is informed and believes, and on that

23 | basis alleges that, at the time that the transfer of the Loan

24 | proceeds was made, the Debtor was either insolvent or became

25 | insolvent as a result of such transfer.

26 | 41.   Plaintiff is informed and believes, and on that

27 | basis alleges that, at the time that the transfer of the Loan

28 | proceeds was made, Defendant knew or believed that the Debtor had

-8-

1 | or would, incur debts beyond its ability to pay such debts as
2 | they matured.

3 | 42.   Wherefore, Plaintiff seeks this Court's judgment that
4 | the transfer of the Loan proceeds and/or other transfers of
5 | property to Defendant during the four year period prior to the
6 | date the Debtor's petition was filed were fraudulent transfers
7 | pursuant to Cal. Civ. Code §§3439.04 and 3439.09 and 11 U.S.C.
8 | §§544(b) and 546(a).

9 | **SIXTH CLAIM FOR RELIEF**

10 | **(RECOVERY OF AVOIDED TRANSFER (11 U.S.C. §550(a)))**

11 | 43.   Plaintiff hereby realleges and incorporates herein by
12 | this reference, as though fully set forth in this cause of
13 | action, each and every allegation contained in Paragraphs 1
14 | through 42, inclusive, of this Complaint.

15 | 44.   Plaintiff is informed and believes, and on that basis
16 | alleges that, the transfer of the Loan proceeds is avoidable
17 | pursuant to (i) CAL. CIV. CODE §3439 et seq. and 11 U.S.C.
18 | §§544(b) and 546(a) and/or (ii) 11 U.S.C. §548(a).

19 | 45.   Wherefore, Plaintiff seeks this Court's judgment
20 | declaring that the avoided transfers are recoverable from
21 | Defendant as the initial transferee or the entities for whose
22 | benefit the avoided transfer was made, or as the immediate or
23 | mediate transferees of such initial transferees, pursuant to 11
24 | U.S.C. §550(a), together with interest thereon at the legal rate
25 | from the date of demand therefore.

26 | ///
27 | ///
28 | ///

## SEVENTH CLAIM FOR RELIEF

### (PRESERVATION OF AVOIDED TRANSFER (11 U.S.C. §551))

46.    Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 45, inclusive, of this Complaint.

47.    Plaintiff is informed and believes, and on that basis alleges that, the transfer of the Loan proceeds is avoidable as a fraudulent transfer pursuant to (i) CAL. CIV. CODE §3439 et seq. and 11 U.S.C. §§544(b) and 546(a) and/or (ii) 11 U.S.C. §548(a).

48.    Plaintiff is informed and believes, and on that basis alleges that, the Loan proceeds are property of the estate pursuant to 11 U.S.C. §§541(a)(3) and (4).

49.    Wherefore, Plaintiff seeks this Court's judgment declaring that the avoided transfer of the estate's interest in the Loan proceeds and/or the proceeds generated therefrom are preserved for the benefit of the estate.

WHEREFORE, the Trustee prays for judgment as follows:

1.    On the First Claim for Relief, a determination that the Loan Proceeds were converted by Defendant.

2.    On the Second, Third, Fourth and Fifth Claims for Relief, judgment in favor of Trustee for avoidance of the Property to Defendant.

3.    On the Sixth Claim for Relief, judgment in favor of Trustee for recovery from Defendant the avoided Property Transfer.

4.    On the Seventh Claim for Relief, judgment in favor of Trustee for preservation of the avoided Property Transfer.

-10-

5.   On all Claims for Relief:

    a.   For pre-judgment interest at the legal rate from the date of demand;

    b.   For costs of suit incurred herein; and

    c.   For such other relief and further relief as the Court deems just and proper.

Dated: November 16, 2021

_____
Carolyn A. Dye, Chapter 7 Trustee

SBA Loan # ███8002

Application # ██████

| | U.S. Small Business Administration | Date: 06.23.2020 |
|---|---|---|
|  | **NOTE** | Loan Amount: $149,000.00 |
| | (SECURED DISASTER LOANS) | Annual Interest Rate: 3.75% |

SBA Loan # ███8002

Application # ██████

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **one hundred and forty-nine thousand and 00/100 Dollars ($149,000.00)**, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS: A)** "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. **C)** "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$726.00** every **month** beginning **Twelve (12)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor (if any); **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

Page 2 of 3

Case 2:21-ap-01226-WB   Doc 4-1   Filed 12/02/05/06/21   Entered 12/02/21 at 8:14:04   Desc 43788/1-01
Main Document   of 23   Page 19 of 31

SBA Loan # 8002                                                                                    Application #

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

MMZ Holdings, LLC

DocuSigned by:

*Manuk Boyajian*

B223977308AB44F

Manuk Boyajian, Owner/Officer

# Wells Fargo Simple Business Checking



June 30, 2020 ▪ Page 1 of 4

MMZ HOLDINGS LLC
18653 VENTURA BLVD # 296
TARZANA CA 91356-4103

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

---

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

---

## Statement period activity summary

| | |
|---|---:|
| Beginning balance on 6/1 | $90.96 |
| Deposits/Credits | 148,900.00 |
| Withdrawals/Debits | - 148,910.00 |
| **Ending balance on 6/30** | **$80.96** |
| Average ledger balance this period | $90.96 |

Account number:  **6849938003**

**MMZ HOLDINGS LLC**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN):  121042882

For Wire Transfers use
Routing Number (RTN):  121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection.  If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

(114)

June 30, 2020 ■ Page 2 of 4

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 6/26 | | Sbad Treas 310 Misc Pay 062620 xxxxx3000 Rmt*CT*2190088002 200 77445 F8135*********\ | 148,900.00 | | |
| 6/26 | | Online Transfer to Boyajian M Way2Save Savings xxxxxx5172 Ref #Ib08Czbskd on 06/26/20 | | 148,900.00 | 90.96 |
| 6/30 | | Monthly Service Fee | | 10.00 | 80.96 |
| Ending balance on 6/30 | | | | | 80.96 |
| **Totals** | | | **$148,900.00** | **$148,910.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 06/01/2020 - 06/30/2020 | Standard monthly service fee $10.00 | You paid $10.00 |
|------|------|------|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $500.00 | $91.00 ☐ |
| C1/C1 | | |

### Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|------|------|------|------|------|------|
| Cash Deposited ($) | 0 | 3,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 50 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |



# IMPORTANT ACCOUNT INFORMATION

We're updating our Online Access Agreement effective September 30, 2020. To see what is changing, please visit wellsfargo.com/online-banking/updates.

Effective June 20, 2020, we are updating the Funds Availability Policy in our Deposit Account Agreement as follows:

In the "Longer delays may apply" section, when a longer delay applies, we are making the following changes:
- The amount of your deposit that may be available on the first business day after the day of your deposit is increasing from $200 to $225.

WELLS
FARGO

- We are changing the check deposit amount exception that may lead to a delay of generally no more than seven business days from "You deposit checks totaling more than $5,000 on any one day" to "You deposit checks totaling more than $5,525 on any one day."

In the "Special rules for new accounts" section, setting forth special rules that apply during the first 30 days your account is open, we are updating the amounts in the two bullets in the second paragraph from $5,000 to $5,525 and from $200 to $225 as follows:
- The first $5,525 of a day's total deposits of cashier's, certified, teller's, traveler's, and federal, state, and local government checks and U.S. Postal Service money orders made payable to you will be available on the first business day after the day of your deposit.
- The excess over $5,525 and funds from all other check deposits will be available on the seventh business day after the day of your deposit. The first $225 of a day's total deposit of funds from all other check deposits, however, may be available on the first business day after the day of your deposit.

———————————

Effective 05/22/2020, the Night Depository Agreement was amended to include: "Deposits placed into the night depository are considered received by us when the bag is removed from the night depository and is available to us for processing. We will credit the deposit to your account no later than the next business day."

No action is required on your part and there is no impact to the current night depository deposit process.

———————————

Reminder: Wells Fargo charges a $5 fee for each Wells Fargo Debit, ATM, or EasyPay Card transaction at non-Wells Fargo ATMs outside of the U.S. or U.S. territories. Fees from non-Wells Fargo ATM owner/operators may also apply. These fees may not be applicable to all customers and may vary depending on the type of account you have. For more details, refer to the applicable fee disclosures for your account.

———————————

Effective August 17, 2020, the fee for stop payment requests on checks drawn on your account, or on pre-authorized (Automated Clearing House) items, will be $31 per item. The fee may not be applicable to all customers depending on the type of account you have. For more details, refer to the Fee and Information Schedule applicable to your account.



## General statement policies for Wells Fargo Bank

▪ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your          $ _____
register or transfers into             $ _____
your account which are not             $ _____
shown on your statement.             + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **TOTAL** $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **TOTAL** $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . $ . _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        | **Total amount** $ |        |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

**EXHIBIT C**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor 1   MMZ Holdings, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   Central District of California

Case number:  21–11230

**FILED**

U.S. Bankruptcy Court
Central District of California

8/13/2021

Kathleen J. Campbell, Clerk

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

U.S. Small Business Administration

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

U.S. Small Business Administration

Name

312 N. Spring St., 5th Fl
Los Angeles, CA 90012

Contact phone        2136343840

Contact email     gil.hopenstand@sba.gov

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

Where should payments to the creditor be sent? (if different)

SBA Denver Finance Center

Name

721 19th Street

Denver, CO 80202

Contact phone

Contact email     gil.hopenstand@sba.gov

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 8002 |

| 7. How much is the claim? | $ 223500.00 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Civil penalty |

| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $ _____<br>Amount of the claim that is secured: $ _____<br>Amount of the claim that is unsecured: $ ____.____   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $ _____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |

| 11. Is this claim subject to a right of setoff? | ☐ No<br>☑ Yes. Identify the property:     Any and all federal payments |

Official Form 410                          Proof of Claim                          page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    8/13/2021

MM / DD / YYYY

/s/  Gil Hopenstand

Signature

Print the name of the person who is completing and signing this claim:

| Name | Gil Hopenstand |
|---|---|
| | First name   Middle name   Last name |
| Title | Attorney |
| Company | U.S. Small Business Administration |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 312 N Spring Street, 5th Fl |
| | Number   Street |
| | Los Angeles, CA 90012 |
| | City   State   ZIP Code |
| Contact phone | 2136343840 |  Email | gil.hopenstand@sba.gov |

In re MMZ Holdings, LLC

Bankruptcy Case Number # 21-11230

### Addendum to Second Proof of Claim of the U.S. Small Business Administration

Amount due as penalty under 15 U.S.C. § 636(b):

$149,000 (Principal disbursed on loan --8002) x 1.5 = <u>$223,500 Total Due</u>

The penalties under 15 U.S.C. § 636(b), described above in the amount of **$223,500.00,** are still contingent and unliquidated. To the extent that SBA imposes any such penalties, SBA asserts that the penalties comprise <u>unsecured claims</u> against the estate.



**U.S. Small Business
Administration**

National Disaster Loan Resolution Center | 200 W. Santa Ana Blvd., Suite 740 | Santa Ana, CA 92701

August 11, 2021

MMZ Holdings, LLC
1217 Centinela Ave
Inglewood, CA 90302

Manuk Boyajian
10785 Des Moines Avenue
Porter Ranch, CA 91326

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212

Re:    SBA Economic Injury Disaster Loan No. ███████8002– Misapplication of Proceeds

To: MMZ Holdings, LLC and Manuk Boyajian:

SBA has learned that you may have misapplied and/or misused the loan proceeds from your SBA
Economic Injury Disaster Loan ("EIDL" or "disaster loan") authorized under Section 7(b) of the Small
Business Act.

A borrower must use its disaster loan proceeds solely in accordance with the Use of Loan Proceeds
section of the Loan Authorization and Agreement. Mr. Boyajian, as MMZ Holdings, LLC's
Owner/Officer, executed a Loan Authorization and Agreement dated June 23, 2020, to which MMZ
Holdings, LLC agreed to be bound by the terms and conditions therein and the Uses of Loan
Proceeds as follows:

Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and to pay Uniform Commercial Code (UCC) lien filing fees and a third-party UCC handling charge of $100 which will be deducted from the Loan amount stated above.

Despite the foregoing, and in an apparent breach of the EIDL terms, evidence presented in pleadings in the bankruptcy case of *In MMZ Holdings, LLC*, pending in the U.S. Bankruptcy Court, Central District of California, Case No. 21-11230, indicates that Mr. Boyajian caused the EIDL proceeds to be transferred to himself and not for the actual borrower or used as working capital, in violation of the terms of the Loan Authorization and Agreement. Specifically, the debtor acknowledged that, in June 2020, Mr. Boyajian transferred all the EIDL proceeds to his personal account. *See Notice of Motion and Motion Under 11 U.S.C. § 1112(b) to Dismiss Case* [Docket No. 56] and related pleadings.

Misapplication of loan proceeds is a violation of the Federal Regulations and the terms of Borrower's disaster loan. Whomever wrongfully misapplies the proceeds of a disaster loan authorized under Section 7(b) will be liable to SBA for one and one-half times the proceeds disbursed to the borrower as of the date SBA learns of its wrongful misapplication. Wrongful misapplication means the willful use of any disaster loan proceeds without SBA approval contrary to the Loan Authorization. If a borrower fails to use disaster loan proceeds for authorized purposes for 60 days or more after receiving a loan disbursement check, such non-use also is considered a wrongful misapplication of the proceeds. 13 C.F.R. § 123.9(a); 15 U.S.C. § 636(b).

Therefore, SBA may find MMZ Holdings, LLC and Mr. Boyajian liable to SBA for one and one-half times the proceeds disbursed to you, in the total amount of $223,500.00 (calculated as $149,000.00 principal disbursed to you X 1.5 = $223,500.00)

**You are hereby given 30 days from the date of this letter** to submit to SBA evidence that you have not misapplied the disaster loan proceeds or that you have corrected any such misapplication. Additional time to respond may be granted, but only if the request is in writing and supported by a good reason. Any failure to respond in time will be considered an admission that you misapplied the disaster loan proceeds. If SBA finds a wrongful misapplication, and if permitted by bankruptcy law, SBA may cancel any undisbursed disaster loan proceeds, call the loan, and begin enforcement measures to collect your outstanding loan balance and the civil penalty. 13 C.F.R. § 123.9(b).



You may submit any evidence to Rosanna Spence, Supervisory Loan Specialist, with a cc: to Marchelle Bailey, General Attorney, at the SBA National Disaster Loan Resolution Center, 200 W. Santa Ana Blvd., Suite 740, Santa Ana, CA 92701, or email to Debbie.Hill@sba.gov, with a cc: to marchelle.bailey@sba.gov.

Sincerely,

Debbie Hill
Supervisory Loan Specialist



*All SBA programs and services are extended to the public on a nondiscriminatory basis.*

3